■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY CUNNINGHAM, Respondent. [607 NYS2d 377] —Appeals by the People (1) from an order of the Supreme Court, Kings County (Cirigliano, J.), dated March 24, 1993, which granted the defendant's motion to dismiss the indictment, and (2), as limited by their brief, from so much of an order of the same court, entered May 28, 1993, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 24,

1993, is dismissed, as that order was superseded by the order entered May 28, 1993, made upon reargument; and it is further,

Ordered that the order entered May 28, 1993, is reversed insofar as appealed from, the order dated March 24, 1993, is vacated, the defendant's motion to dismiss the indictment is denied, and the indictment is reinstated.

An adult witness is presumed to be competent to testify *(People v Parks,* 41 NY2d 36, 45). In a Grand Jury proceeding it is for the Assistant District Attorney to resolve the issue of whether, by reason of mental disease or defect, an adult does not possess sufficient intelligence or capacity to justify the receipt of that person's testimony *(see,* CPL 60.20 [1]; 190.30 [6]). On the record before us, we find that there was no need for the Assistant District Attorney to conduct an inquiry into the adult complainant's capacity to testify. Thus, the Supreme Court erred in dismissing the indictment. Thompson, J. P., Rosenblatt, Altman and Hart, JJ., concur.